## UNITED STATES OF AMERICA *v.* KAWASAKI.

### DATED: OCTOBER 29, 1901.

1. By Section 3242 of the Revised Statutes of the United States a special tax is required for the privilege of carrying on the business of a retail dealer in liquors.
2. Retail dealer in liquors defined by Section 3244 (4th Subdv.) R. S. U. S.
3. The words, "otherwise than as hereinafter provided," found in Subdivision fourth of Section 3244 of the R. S. U. S., have been held by the Supreme Court of the United States to refer to wholesale liquor dealers in distilled spirits, wholesale and retail dealers in malt liquors, brewers and others who are either exempt from taxation or pay a different tax.
4. When a person obtains spirituous or malt liquors which he intends to sell again in small quantities to anyone who wishes to purchase the same, or who, having spirituous or malt liquors on hand, intends to sell the same to any person who may apply for them in small quantities, or, in the language of the statute, "in quantities of less than five gallons," he must pay the special tax required by the government, and any failure to do so is a violation of the law.

CRIMINAL LAW.    INDICTMENT UNDER SECTION 3242 OF THE REVISED STATUTES OF THE UNITED STATES.

*Robert W. Breckons,* U. S. District Attorney, for the government.

*Frank E. Thompson*, for the defendant.

ESTEE, J.   Gentlemen of the Jury:  The defendant in this case is indicted for violating the provisions of Section 3242 of the Revised Statutes of the United States, in that he carried on the business of a retail liquor dealer without having paid the special tax required by the government.

To this indictment, the defendant pleaded not guilty.

In this case, gentlemen, you are to be the sole judges of the facts; the law you are to take from the Court.

In all criminal cases, innocence is presumed until guilt is proven.   I therefore instruct you that in considering the evidence in this case, you are to remember that the burden of proof lies upon the government to establish the guilt of the defendant, and you are to give the defendant the benefit of all reasonable doubts.   And by a reasonable doubt, gentlemen, I mean, that, after an entire comparison and consideration of all the evidence, your minds are left in that condition in which you cannot say that you feel an abiding conviction to a moral certainty of the guilt of the defendant.

In arriving at a verdict in this case you are not necessarily to be controlled by the number of witnesses who may have testified on one side or the other, but rather by the conviction which the testimony may convey to your minds of the truth or falsity of the charge, whether such testimony be given by one or many witnesses.

Gentlemen of the jury, I instruct you that it is the policy of the government of the United States to levy a special tax upon certain occupations, among them being that of a retail dealer in liquors.

Congress has defined the terms "retail liquor dealer" as follows:

"Every person who sells or offers for sale, foreign or domestic distilled spirits, wines or malt liquors, otherwise than as hereinafter provided, in less quantities than five gallons at

the same time, shall be regarded as a retail dealer in liquors."
Subdivision 4, Section 3244, R. S., U. S.

The words "otherwise than as hereinafter provided" has been
held by the Supreme Court of the United States to refer to
wholesale liquor dealers in distilled spirits, wholesale and retail
dealers in malt liquors, brewers and others, who are either ex-
empt from taxation or pay a different tax.

The question then presented for your consideration in this
case is,—

Did the defendant carry on the business of a retail liquor
dealer?

In this connection, gentlemen, I instruct you that when a
person obtains spirituous or malt liquors which he intends to
sell again in small quantities, to any one who may wish to pur-
chase the same; or who having spirituous or malt liquors on
hand, intends to sell those spirituous or malt liquors to any
person who may apply for the same in small quantities,—or,
in the language of the statute in quantities of "less than five
gallons", he must pay the special tax required by the govern-
ment. And if he does not pay the special tax, his attempt to
carry out his intention, is a violation of the law, for he is en-
gaged in the business of retailing liquor without having con-
formed to the law by the payment of such tax.

I instruct you further, gentlemen, that if you bring in a
verdict in this case of either guilt or innocence, it must be by
the unanimous assent of all your members.